UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 28  A 10: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

04-12293-WGY

CSX TRANSPORTATION, INC.,

    *Plaintiff,*

v.

RECOVERY EXPRESS, INC., in its own right
and d/b/a INTERSTATE DEMOLITION AND
ENVIRONMENTAL CORP.,

    *Defendant.*

MAGISTRATE JUDGE LPC

Civil Action
No.

RECEIPT # 59651
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. M.P.
DATE 10/28/04

## COMPLAINT

### JURISDICTION

1. Jurisdiction in this matter is based upon 28 U.S.C. § 1332 inasmuch as there is complete diversity of citizenship between plaintiff and defendant, and because there exists an amount in controversy in excess of $75,000, exclusive of costs, counsel fees and interest.

### VENUE

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the cause of action set forth in this complaint occurred within this judicial district.

### PARTIES

3. Plaintiff CSX Transportation Company ("CSXT") is a Virginia corporation with its principal place of business in Florida. CSXT operates as a Class I interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board.



4. To the best of CSXT's knowledge, information and belief, defendant, Recovery Express, Inc. ("Recovery Express"), is a domestic profit corporation formed and existing pursuant to the laws of the Commonwealth of Massachusetts, and maintains its principal place of business at 180 Canal Street, Boston, Massachusetts 02114.

5. To the best of CSXT's knowledge, information and belief, Recovery Express also conducts business under the fictitious name Interstate Demolition and Environmental Corp. ("IDEC"). IDEC's letterhead indicates that it maintains an office at 180 Canal Street, Boston, Massachusetts 02114 and that it has the same telephone and fax numbers as Recovery Express.

## PREDICATE FACTS

6. The subject matter of this action stems from the failure of Recovery Express and/or IDEC to pay for scrap rail cars ordered from and delivered by CSXT.

7. On or about August 22, 2003, Recovery Express and/or IDEC, through its employee, servant and/or agent with actual or apparent authority, Albert Arillotta, contacted CSXT via e-mail proposing that Recovery Express and/or IDEC would buy scrap rail cars and parts from CSXT.

8. CSXT agreed to sell Recovery Express and/or IDEC scrap rail cars and parts.

9. CSXT prepared and forwarded to IDEC sales orders confirming the agreed upon terms of CSXT's sale of scrap cars and parts to IDEC.

10. Neither IDEC nor Recovery Express objected to or disclaimed any of the terms of the sales orders forwarded by CSXT.

11. Pursuant to the agreements between CSXT and Recovery Express and/or IDEC, CSXT delivered various scrap cars and parts to the location specified by Arillotta on behalf of Recovery Express and/or IDEC.

12. CSXT invoiced IDEC in due course for the scrap cars and parts CSXT delivered between September 2003 and January 2004. Specifically, CSXT sent IDEC four invoices in the total amount of $115,757.36.

13. Despite demand by CSXT for payment, Recovery Express and IDEC have failed and/or refused to pay for the scrap cars and parts CSXT delivered pursuant to the aforementioned agreement and sales orders.

## FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

14. CSXT hereby incorporates by reference the averments of paragraphs 1 through 13 as if separately set forth herein.

15. CSXT provided materials to and/or which directly benefited defendant pursuant to the sales orders and invoices between September 2003 and January 2004.

16. The agreed upon price and reasonable value of the materials provided by CSXT to defendant during this time was $115,757.36.

17. Defendant failed to pay any part of the $115,757.36 and defendant's failure to pay constitutes a breach of the parties' contracts formed by the sales orders, deliveries, and invoices.

18. As a result of the foregoing, CSXT has been damaged and is entitled to the sum of $115,757.36, plus interest.

## SECOND CAUSE OF ACTION
## FOR AN ACCOUNT STATED

19. CSXT hereby incorporates by reference the averments of paragraphs 1 through 18 as if separately set forth herein.

20. CSXT sent invoices to defendant between October 2003 and January 2004 demanding payment for the scrap cars and parts furnished pursuant to Arillotta's request and the confirming sales orders, and an account was stated.

21. Defendant received and accepted the October and November invoices without objection, but failed to make payment.

22. As a result of the foregoing, defendant owes CSXT the sum of $115,757.36, plus interest, as an account stated.

## THIRD CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

23. CSXT hereby incorporates by reference the averments of paragraphs 1 through 22 as if separately set forth herein.

24. Defendant received and retained the benefit of the materials sold and delivered by CSXT.

25. By receiving and retaining the benefit of, but not paying for, the materials sold and delivered by CSXT as detailed above, defendant was unjustly enriched to CSXT's detriment.

26. Under the circumstances described above and according to the principles of equity, CSXT is entitled to payment from defendant in the fair and reasonable amount of $115,757.36, plus interest, to rectify and disgorge defendant's unjust enrichment.

## FOURTH CAUSE OF ACTION
## FOR QUANTUM MERUIT

27. CSXT hereby incorporates by reference the averments of paragraphs 1 through 25 as if separately set forth herein.

28. Between October 2003 and January 2004, CSXT provided, under a reasonable expectation of payment, materials to defendant.

29. Defendant knew that CSXT was providing the aforementioned materials and that CSXT expected to be paid for them in accordance with the rates established pursuant to applicable sales orders and invoices.

30. The afore-described materials provided by CSXT to defendant were reasonably worth $115,757.36, which sum defendant without justification has refused to pay.

31. By reason of the foregoing, CSXT has been damaged and is entitled to the sum of $115,757.36.

WHEREFORE, plaintiff respectfully demands that judgment be entered in its favor and against defendant in the amount of $115,757.36, together with costs, prejudgment interest, and such other relief as the Court may allow.

CSX TRANSPORTATION, INC.

By its attorneys,

October 28, 2004

Wesley S. Chused, BBO #083520
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
Tel.: (617) 951-2800
Fax: (617) 951-2819

5

Of Counsel:

Paul D. Keeenan/Jonathan F. Ball
JANSSEN KEENAN & CIARDI P.C.
2005 Market Street, Suite 2050
Philadelphia, PA 19103
Telephone: (215) 665-8888
Fax: (215) 665-8887