SCANNED
DATE:_____
BY:_____

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CSX TRANSPORTATION, INC., | : |
| Plaintiff, | : Civil Action No.: 1:04-cv-12293-WGY |
| v. | : YOUNG, D.J. *as modified* |
| RECOVERY EXPRESS, INC., in its own right and d/b/a INTERSTATE DEMOLITION AND ENVIRONMENTAL CORP., | : So ordered as the case management scheduling order. <br> : Discovery due *Nov 30 2005* <br> : Dispositive Motions due *Nov 30 2005* |
| Defendant. | : *William G. Young* <br> U.S. District Judge <br> *Jan 6, 2005* |

## JOINT STATEMENT

The Plaintiff, CSX Transportation, Inc., and the defendant, Recovery Express, in its own right and d/b/a Interstate Demolition and Environmental Corp., submit the following Joint Statement pursuant to this Honorable Court's Notice dated December 1, 2004, and agree as follows:

I.  **Joint Discovery Plan**

The parties propose the following discovery plan for the conduct of this litigation:

1. Other parties may be joined and the pleadings may be amended in accordance with Rules 14 and 15 of the Federal Rules of Civil Procedure.

2. Initial disclosures under Fed.R.Civ.P. 26(a)(1) shall be made on or before January 24, 2005.

3. Non-expert witness and fact discovery, including all depositions must be concluded by October 31, 2005.

4. Expert witnesses must be disclosed pursuant to Fed.R.Civ.P. 26(a)(2) and expert report(s) under Fed.R.Civ.P. 26(a)(2)(B) must be served by November 30, 2005.

II. **Proposed Schedule for Filing of Motions**

1. Parties may file motions to compel and seek other orders of the Court as the need arises, subject to the provisions of this Honorable Court's Local Rules.

2. Dispositive motions must be filed no later than ~~January~~ November 30, 200~~5~~. [handwritten edits: "November", "KM", "1/6"]

3. This Honorable Court shall determine dates for a final pre-trial conference and for trial after the completion of discovery and determination of any dispositive motions filed by the parties.

4. Pursuant to Rule 26(f), the parties recommend no change in the "form, or requirement for disclosures under subdivision (a) or local rule."

III. **Certifications under Local Rule 16.1(D)(3)**

1. Certifications under Local Rule 16.1(D)(3) are attached hereto or will be submitted separately by each party by the time of the scheduling conference.

IV. **Disputed Issues of Fact:**

1. Whether the individual, Albert Arillotta had the capacity to bind the Defendant to a contract with the Plaintiff.

2. Whether the Defendant authorized or ratified any alleged agreements the individual, Arillotta may have had with the Plaintiff as they might impact the Defendant.

3. Whether the individual had actual or apparent authority to bind the Defendant to any contract with the Plaintiff.

4. Whether the Defendant owes the Plaintiff anything.

V.   **Other Matters**

1. At this time, the parties do not consent to submit this case to a Magistrate Judge.

2. Plaintiff did not demand a jury and desires that this matter be tried before Your Honor sitting without a jury. Defendant included a jury demand in its answer and has not waived its jury demand as of this time.

Respectfully submitted,

| | |
|---|---|
| CSX TRANSPORTATION, INC.,<br>by its attorneys, | RECOVERY EXPRESS, INC.,<br>by its attorney |
| JANSSEN KEENAN & CIARDI P.C. | LAW OFFICE OF KEVIN P. MCMAHON |
| *Jonathan Ball* | *Kevin P. McMahon* |
| Jonathan F. Ball | Kevin P. McMahon (BBO #630335) |
| One Commerce Square<br>2005 Market Street, Suite 2050<br>Philadelphia, PA 19103-7012<br>(215) 599-7249 (Direct)<br>(215) 665-8888 (Main)<br>(215) 665-8887 (Fax)<br>jball@janssenkeenan.com | 40 Willard Street<br>Suite 304<br>Quincy, MA 02169<br>(617) 745-0009<br>(617) 773-3133 (Fax)<br>kpmcmlaw@juno.com |
| December 27, 2004 | December 27, 2004 |