**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CSX Transportation, Inc., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Recovery Express, Inc. in its own right | ) |
| And d/b/a Interstate Demolition and | ) |
| Environmental Corp., | ) |
| | ) |
| Defendant | ) |

Civil Action No.:
04-1293 WGY

**MEMORANDUM IN SUPPORT OF THE MOTION OF**
**THE DEFENDANT, RECOVERY EXPRESS, FOR**
**SUMMARY JUDGMENT**

**Standard for Summary Judgment:**

Rule 56 of the Federal Rules of Civil Procedure states that Summary Judgment

"shall be rendered forthwith if the pleadings, depositions, answers and admissions on file

together with the affidavits, if any, show that there is no genuine issue at to any material

fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(c).

On a motion for summary judgment, the court will not try issues of fact but will

decide "whether the evidence presents sufficient disagreement to require submission to a

jury or whether it is so one sided that one party must prevail as a matter of law."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 91 L.Ed.2d 202, 106 S.Ct. 2505

(1986).

The moving party has the burden to demonstrate that there is no dispute as to any material fact. Therefore, "summary judgment may be granted, if upon reviewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law". Richardson v. Selsky, 5 F.3d 616, 621 (2d Cir. 1993)

**Statement of the Facts**

The plaintiff allegedly sold out of service railway cars to Albert Arillotta who held himself out to be from Interstate Demolition and Environmental Corp. and the defendant, Recovery Express, Inc..

Interstate Demolition and Environmental Corp. and Recovery Express, Inc. were at all relevant times, two separate and distinct corporations.

Interstate Demolition and Environmental Corp. (hereinafter referred to as "IDEC") was a Delaware Corporation established on or around May 16th, 2003. It is no longer in business.

Recovery Express, Inc. (hereinafter referred to as "Recovery Express") is a Massachusetts Corporation in good standing formed on or around December 24, 1990.

On or around August 22, 2003, Albert Arillotta sent an e-mail solicitation using an e-mail address of "albert@recoveryexpress.com to Len Whitehead, Jr. of the plaintiff CTX Transportation, Inc., in which he holds himself out to be "from interstate demolition and recovery express" (See Exhibit A, attached.).

Nowhere in the e-mail does Mr. Arillotta indicate that he has any authority to enter into any contracts on behalf of either IDEC or Recovery Express.

At no time did the plaintiff attempt to verify the sincerity of Mr. Arillotta or his

capacity or authority to enter into contracts on behalf of either IDEC or Recovery Express.

At no time was Mr. Arillotta ever employed by Recovery Express.

At no time did anyone on behalf of Recovery Express indicate to the plaintiff that Mr. Arillotta had authority to act on its behalf in any capacity let alone to enter into contracts in its name.

At no time did the plaintiff, Mr. Whitehead or anyone purporting to represent the plaintiff contact anyone from Recovery Express or IDEC other than Mr. Arillotta in regards to the sale of the railway cars.

Eventually the plaintiff prepared and delivered to Mr. Arillotta sales orders for the railway cars and confirming terms they allegedly agreed to with Arillotta. The sales orders were made out to only in the name of Interstate Demolition.

The plaintiff did not deliver any railway cars to the offices of either IDEC or Recovery Express. Instead, Arillotta went to one of the plaintiff's sites, disassembled the cars and transported them away.

All invoices sent by the plaintiff were sent to "Interstate Demolition Attn: Albert Arillotta".

No payment was ever made by Recovery Express or IDEC towards the plaintiff's invoices. Instead any payments that were made came from Albert Arillotta on checks written on the account(s) of other corporate entities unrelated to either IDEC or Recovery Express.

Despite numerous attempts by Nancy Marto, a principal of both Recovery Express and IDEC, to enquire into the invoices sent by the plaintiff, Mr. Whitehead nor

anyone else on behalf of the plaintiff would speak to her or return her calls (See Affidavit of Nancy Marto).

Eventually Mr. Whitehead contacted Ms. Marto and enquired into the status of IDEC, Mr. Arillotta and the payment of several outstanding invoices. Apparently the communication was instigated by a check presented by Mr. Arillotta to the plaintiff for payment having been dishonored for insufficient funds (See Affidavit of Nancy Marto).

When Ms. Marto enquired into why he had not returned any of her previous phone calls, Mr. Whitehead told her that "Albert said not to speak to her" (See Affidavit of Nancy Marto).

**Argument:**

The plaintiff's theory of the defendant Recovery Express's liability rests on its claim that Albert Arillotta had the apparent authority to enter into a contract for the sale of the railway cars on behalf of Recovery Express. It bases Arillotta's apparent authority on the fact that Mr. Arillotta states he "is albert arilotta from interstate demolition and recovery express" and that Arillotta's email address was albert@recoveryexpess.com.

In order to succeed in its theory of apparent authority, a plaintiff must establish that "(1) the principal was responsible for the appearance of authority in the agent to conduct the transaction in question and (2) the third party reasonably relied on the representations of the agent." Herbert Construction. Co. v. Cont'l Ins. Co., 931 F.2d 989, 993-4 (2d Cir. 1991) (citing Ford v. Unity Hospital., 32 N.Y. 2d 464, 473, 299 N.E.2d 659,664 (1984).

In the instant case, nobody on behalf of Recovery Express ever had any dealings with the plaintiff concerning the purchase of the railway cars. As such Recover Express

did nothing that could have reasonably be interpreted to have given Arillotta to act on its behalf. The only affirmative act that Recovery Express made was the passive act of having provided Arillotta with an e-mail address. Were this sufficient to imbue apparent authority on an individual to bind another, any lowly employee provided with an e-mail address by his employer could bind the employer to untold contracts. In fact taken to its logical extremes, millions of internet users across the country and beyond could enter into contracts on behalf of AOL, Google or Yahoo.

"Apparent Authority is created as to a third person by conduct of the principal which, reasonably interpreted, causes the third party to believe that the principal consents to the acts done on his behalf by the person purporting to act for him". Cactus Pipe & Supply Co., Inc. v. M//V Montmartre, 756 F.2d 1103, 1111-12 (5th Cir. 1985) (citing Restatement (Second) of Agency Section 27).

In this day, the provision of an e-mail account could never reasonably be interpreted to convey on an individual contracting authority on behalf of an e-mail provider.

It is also apparent the plaintiff did not act in reliance on any suggestion that Arillotta was an agent of Recovery Express. The sales orders generated by the plaintiff affirming its agreement with Arillotta were made out to Interstate Demolition and delivered to Arillotta. The invoices were all made out IDEC not Recovery Express. This is evidence that the plaintiff knew with what entity it was doing business. Only after speaking with Nancy Marto and realizing what had it occurred did the plaintiff file suit against Recovery Express as the only hope of recovering its loss.

Finally, the plaintiff does not come to the deal with clean hands. Its

representative, Whitehead, complied with Arillotta's requests that he not speak with Marto. Moreover, it did not investigate when it received payment on this account with checks drawn on the bank account of unrelated entities.

**Conclusion:**

By the acts and or omissions of Arillotta and Recovery Express, it was not reasonable for the plaintiff to believe that Arillotta had the authority to bind Recovery Express to any contract or act in any capacity on its behalf. Moreover, the plaintiff failed to do its due diligence in determining with whom it was doing business and now asks this court to relieve it of the consequences of its own failures.

Respectfully Submitted,
For the Defendant
Recovery Express, Inc.
By its attorney,

Kevin P. Mc Mahon,    BBO No.: 630335
40 Willard Street
Suite 304
Quincy, MA 02169
(617) 745-0009

**EXHIBIT A**
**E-mail from Albert Arillotta to Len Whitehead, Jr.**

**Whitehead, Len Jr.**

| | |
|---|---|
| **From:** | Albert Arillotta [albert@recoveryexpress.com] |
| **Sent:** | Friday, August 22, 2003 4:57 PM |
| **To:** | Whitehead, Len Jr. |
| **Subject:** | purchase of out service railcars |

lynn this is albert arillotta from interstate demolition and recovery express we are interested in buying rail cars for scrap paying you a percentage of what the amm maket indicator is there are several locations i suggest to work at the exsisting location of the rail cars. we will send you a brocheure and financials per your request our addressis the following:

interstate demolition/recoveryexpress
 180 canal street 5th floor boston mass 02114
phone number- 617-523-7740
 fax number 617-367-3627
email address albert @recoveryexpress .com

thank you for your time

**EXHIBIT B**
**Invoices from CSX Transportation to Interstate Demolition**



**PA Invoice**

| | | |
|---|---|---|
| **Bill No.** | : | 7062427 |
| **Bill Date** | : | 14–NOV–03 |
| **Billed Through** | : | 17–NOV–03 |
| **Customer No.** | : | 47893 |
| **Project No.** | : | ZD2148 |

INTERSTATE DEMOLITION
ATTN: ALBERT ARILLOTTA
180 CANAL STREET, 5TH FLOOR
BOSTON        MA 02113

| | | |
|---|---|---|
| **CSX Federal ID No.** | : | 54 – 6000720 |
| **Work Site** | : | PHILADELPHIA, PA |
| **Project Description** | : | SCRAP CARS |

| *Item Description* | *Total Amount* |
|---|---|
| SCRAP SALES–OTHER | $3,234.38 |
| **Invoice Total :** | $3,234.38 |

**Remit To :**

CSX Transportation, Inc.
PO BOX 116651
ATLANTA        GA   30368–6651

| | | |
|---|---|---|
| **Amount Due** | : | $3,234.38 |
| **Due Date** | : | 14–DEC–03 |
| **Payment Terms** | : | 30 NET |

If you have any questions regarding this invoice, please contact Kerri Harris at 904 279–5690



**CSX**
TRANSPORTATION

Page    1 of 2

**PA Invoice**

| | | |
|---|---|---|
| Bill No. | : | 7062257 |
| Bill Date | : | 12–NOV–03 |
| Billed Through | : | 13–NOV–03 |
| Customer No. | : | 47893 |
| Project No. | : | ZD2148 |

INTERSTATE DEMOLITION
ATTN: ALBERT ARILLOTTA
180 CANAL STREET, 5TH FLOOR
BOSTON        MA 02113

---

| | | |
|---|---|---|
| CSX Federal ID No. | : | 54 – 6000720 |
| Work Site | : | PHILADELPHIA, PA |
| Project Description | : | SCRAP CARS |

| *Item Description* | *Total Amount* |
|---|---|
| SCRAP SALES–OTHER | $18,811.15 |
| Invoice Total : | $18,811.15 |

---

*N⁵¹ ⅃ 1·15·07*

---

**Remit To :**

CSX Transportation, Inc.
PO BOX 116651
ATLANTA        GA  30368–6651

| | | |
|---|---|---|
| Amount Due | : | $18,811.15 |
| Due Date | : | 12–DEC–03 |
| Payment Terms | : | 30 NET |

If you have any questions regarding this invoice, please contact Kerri Harris at 904 279–5690



**PA Invoice**

| | | |
|---|---|---|
| **Bill No.** | : | 7060839 |
| **Bill Date** | : | 10–OCT–03 |
| **Billed Through** | : | 13–OCT–03 |
| **Customer No.** | : | 47893 |
| **Project No.** | : | ZD2139 |

INTERSTATE DEMOLITION
ATTN: ALBERT ARILLOTTA
180 CANAL STREET, 5TH FLOOR
BOSTON        MA 02113

| | | |
|---|---|---|
| **CSX Federal ID No.** | : | 54 – 6000720 |
| **Work Site** | : | PHILADELPHIA, PA |
| **Project Description** | : | Invoice for actual expenses incurred by CSX Transportation |

| *Item Description* | *Total Amount* |
|---|---|
| SCRAP SALES–OTHER | $8,000.00 |
| **Invoice Total :** | $8,000.00 |

**Remit To :**

CSX Transportation, Inc.
PO BOX 116651
ATLANTA          GA   30368–6651

| | | |
|---|---|---|
| **Amount Due** | : | $8,000.00 |
| **Due Date** | : | 09–NOV–03 |
| **Payment Terms** | : | 30 NET |

If you have any questions regarding this invoice, please contact Kerri Harris at 904 279–5690



**CSX**
TRANSPORTATION

**PA Invoice**

| | | |
|---|---|---|
| Bill No. | : | 7064502 |
| Bill Date | : | 07–JAN–04 |
| Billed Through | : | 08–JAN–04 |
| Customer No. | : | 47893 |
| Project No. | : | ZD2148 |

INTERSTATE DEMOLITION
ATTN: ALBERT ARILLOTTA
180 CANAL STREET, 5TH FLOOR
BOSTON        MA 02113

| | | |
|---|---|---|
| CSX Federal ID No. | : | 54 – 6000720 |
| Work Site | : | PHILADELPHIA, PA |
| Project Description | : | SCRAP CARS |

| *Item Description* | *Total Amount* |
|---|---|
| SCRAP SALES–OTHER | $85,711.83 |
| Invoice Total : | $85,711.83 |

**Remit To :**

CSX Transportation, Inc.
PO BOX 116651
ATLANTA        GA  30368–6651

| | | |
|---|---|---|
| Amount Due | : | $85,711.83 |
| Due Date | : | 06–FEB–04 |
| Payment Terms | : | 30 NET |

If you have any questions regarding this invoice, please contact Kerri Harris at 904 279–5690