UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CSX Transportation, Inc., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 04-~~1293~~ WGY |
| Recovery Express, Inc. in its own right ) | *12293* |
| And d/b/a Interstate Demolition and ) | |
| Environmental Corp., ) | |
| ) | |
| Defendant ) | |

### AFFIDAVIT OF NANCY E. MARTO
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

I am Nancy E. Marto, registered agent for the defendant Recovery Express, Inc. As such I have personal knowledge of the fact to which I herein attest.

1. Recovery Express, Inc. ("Recovery Express") is a Massachusetts corporation duly organized under the laws of Massachusetts since December 24, 1990 (see "Exhibit A" attached hereto).

2. My partner, President, and Treasurer of Recovery Express, Thomas R. Trafton, and I were officers in a now defunct corporation known as Interstate Demolition and Environmental Corp. ("IDEC").

3. Our other partners in this endeavor were Dominic Ignagni and Albert Arillotta.

4. Because of our personal interest in IDEC Thomas Trafton and I allowed the fledgling IDEC to share the offices of Recovery Express and some of Recovery Express' basic resources such as telephone and facsimile

machine.

5. As a result of a fraud committed by Albert Arillotta, IDEC ceased operating and is no longer in business.

6. The actions of Mr. Arillotta have cost the other parties to the IDEC endeavor thousands of dollars.

7. Despite certain connections between IDEC and the members of Recovery Express, Recovery Express has never done business under the name and/or style of Interstate Demolition and Environmental Corp.

8. IDEC is a separate and distinct corporation duly organized under the laws of the State of Delaware on May 16, 2003 (see "Exhibit B" attached hereto).

9. At no time did Recovery Express ever hold out that it was in any way the parent of IDEC.

10. I attempted to contact CSX leaving messages for Len Whitehead to enquire about invoices being sent to IDEC. Mr. Whitehead never returned my call. When he finally did after a check from Albert bounced, he told me that Albert told him not to speak to me.

11. Recovery Express never shared any assets, funds, bank accounts or any other vital resources or indices of business with IDEC.

12. IDEC always maintained its own bank accounts independent and separate from those of Recovery Express (see "Exhibit C" attached hereto); filed its taxes independently of Recovery Express (see "Exhibit D" attached hereto); maintained independent and separate insurance coverage from Recovery Express (see "Exhibit E" attached hereto).

13. Recovery Express has never done any business with the plaintiff.

14. Recovery Express has never agreed to be liable for the plaintiff's claim or

any other debts of IDEC.

15. Recovery Express has not profited or realized any other benefit as a result of any agreement or business relationship between the plaintiff and IDEC.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26 DAY OF ~~NOVEMBER~~, 200~~6~~
    DECEMBER           5

_Nancy E. Marto_
Nancy E. Marto