UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                                    :
CSX TRANSPORTATION, INC.,        :
                                                    :
                          Plaintiff,       :   Civil Action No.: 1:04-cv-12293-WGY
                                                    :
         v.                                       :
                                                    :
RECOVERY EXPRESS, INC., in its own right  :
and d/b/a INTERSTATE DEMOLITION AND       :
ENVIRONMENTAL CORP.,                 :
                                                    :
                          Defendant.    :
_____ :


**CSX TRANSPORTATION'S OPPOSITION TO
DEFENDANT RECOVERY EXPRESS' MOTION FOR SUMMARY JUDGMENT**

I.   INTRODUCTION AND OVERVIEW

Plaintiff CSX Transportation brought this suit to recover the agreed upon cost of rail cars that CSX sold and delivered to Defendant Recovery Express pursuant to orders placed by Albert Arillotta of Recovery Express and Interstate Demolition and Environmental Corp.. Defendant Recovery Express has moved for summary judgment claiming that it cannot be liable for the price of the rail cars because Arillotta had neither actual nor apparent authority to bind Recovery Express. For the reasons that follow, CSX respectfully submits that there are genuine issues of material fact concerning Arillotta's actual or apparent authority that preclude the entry of summary judgment. Consequently, Recovery Express' motion should be denied.

II.  STATEMENT OF OPERATIVE FACTS

CSX sold and delivered rail cars for scrap pursuant to an order placed by Albert Arillotta.  (Recovery Express Memorandum in Support of its Motion for Summary Judgment at unnumbered page 3).  The transaction was solicited by Arillotta in an e-mail he sent to Len Whitehead, Jr. on August 22, 2003.  The e-mail, a copy of which is attached as Exhibit A to Recovery Express' motion papers, reads as follows:

> From:     Albert Arillotta [albert@recoveryexpress.com]
> Sent:     Friday, August 22, 2003  4:57 PM
> To:       Whitehead, Len Jr.
> Subject:  purchase of out of service railcars
>
> lynn this is albert arillotta from interstate demolition and recovery express we are interested in buying rail cars for scrap paying you a percentage of what the amm market indicator is there are several locations I suggest to work at the existing location of the rail cars,  we will send you a brocheure and financials per your request  our addressis the following:
>
> interstate demolition/recovery express
>   180 canal street 5th floor boston mass 02114
> phone number- 617-523-7740
>   fax number  617-367-3627
> email address albert@recoveryexpress.com
>
> thank you for your time

(Exhibit A to Recovery Express Motion for Summary Judgment).

Arillotta was a partner in Interstate Demolition and Environmental Corp. (Affidavit of Nancy Marto (submitted by Recovery Express) at ¶ 3).  Two of the other partners in Interstate Demolition were Nancy Marto and Thomas Trafton.  Marto and Trafton were and are also partners in Recovery Express.  (Affidavit of Nancy Marto at ¶¶ 1-3).  Marto and Trafton admittedly allowed Interstate Demolition to share the office and business resources of Recovery Express.  (Affidavit of Nancy Marto at ¶ 4).  Thus,

Interstate Demolition and Recovery Express had the same office mailing address, telephone number and fax number. (See Letter from Marto on behalf of Interstate Demolition to CSX, attached hereto as Exhibit A, and Recovery Express' webpage, a copy of which is attached hereto as Exhibit B).

Significantly, Recovery Express has not denied that Albert Arillotta permissively used an e-mail account (albert@recoveryexpress.com) on Recovery Express' server. Likewise, Recovery Express has not denied that the Arillotta sent the August 22, 2003 e-mail from that account. Recovery Express baldly asserts in its "Statement of the Facts" that Arillotta was never employed by Recovery Express, but has offered no evidence that supports that assertion. More importantly, Recovery Express has not offered any explanation how Arillotta came to have an e-mail account, albert@recoveryexpress.com. The reasonable inference to be drawn in plaintiff's favor is, of course, that Recover Express permitted Arillotta to have that account to send and receive e-mail on Recovery Express' mail server.

Len Whitehead, Jr., the Manager of Investment Recovery for CSX, believed that Arillotta was representing and transacting business on behalf of both Recovery Express and Interstate Demolition. (Declaration of Len Whitehead, Jr. at ¶¶ 1 and 6). He formed this belief based upon the August 22, 2003 e-mail and verbal representations made by Mr. Arillotta during telephone conversations. (Declaration of Len Whitehead, Jr. at ¶¶ 1 and 2). Neither Arillotta nor anyone else involved with Recovery Express or Interstate Demolition inform Len Whitehead that Arillotta was not authorized to represent or transact business on behalf of either company.

CSX delivered the rail cars ordered by Arillotta on behalf of recovery Express and Interstate Demolition. (Declaration of Len Whitehead, Jr. at ¶ 4). Despite issuing bills in accordance with instructions provided by Arillotta, CSX did not receive payment of the agreed upon price for the delivered rail cars. (Declaration of Len Whitehead, Jr. at ¶ 4). During CSX's pre-suit efforts to collect the outstanding balance for the transactions arranged by Arillotta, CSX received a letter from Marto, on Interstate Demolition's letterhead, which indicates that Interstate Demolition's address, telephone and fax numbers are the same as those of Recovery Express. (See Exhibits A and B attached hereto). Interestingly, Marto claimed in her letter that Arillotta, a partner in Interstate Demolition, was not authorized to conduct any business on behalf of that company. (See Exhibit A).

Based upon these undisputed and supported facts, as more fully discussed below, there are several genuine issues of material fact that preclude the entry of the requested summary judgment. First and foremost, Marto's credibility must be assessed by the fact finder. Second, the documentary evidence and Declaration of Len Whitehead, Jr. are sufficient to support a factual determination at trial that, due to the actions of Marto, Trafton, Recovery Express and Interstate Demolition, a person in Mr. Whitehead's position could reasonably believe that Arillotta was imbued with authority to conduct business on behalf of Recovery Express and Interstate Demolition.

III.   ARGUMENT AND AUTHORITIES

Defendant Recovery Express is not entitled to summary judgment because it has not, and cannot, demonstrate the absence of genuine issues of material fact and, in any event, cannot demonstrate entitlement to judgment in its favor as a matter of law.

This Honorable Court has explained that apparent authority:

> applies where a person holds himself out to a third party as an agent of a principal. On such facts, the principal is held liable for the agent's fraud against the third-party plaintiff because "the agent's position facilitates the consummation of the fraud, in that from the point of view of the third person the transaction seems regular on its face and the agent appears to be acting in the ordinary course of business provided to him."

United States v. President and Fellows of Harvard College, 323 F.Supp. 2d 151, 193 (D. Mass. 2004) (quoting In re Atlantic Fin. Mgmt., Inc., 784 F.2d 29, 32 (1st Cir. 1986). Under the doctrine of apparent authority, a corporation can be held liable for a fraud perpetrated by its employee or agent, even if the corporation received no benefit from the fraud. United States v. O'Connell, 890 F.2d 563 (1st Cir. 1989) (Employer held liable for its general manager's scheme to defraud the government where the general manager conceived and perpetrated the fraud on his own initiative while holding himself out as acting for and on behalf of the company, and the corporation itself did not benefit from the agent's fraud.). Apparent authority exists where the plaintiff reasonably relied on the principal's "conduct at the time he entered the transaction that the agent is authorized to act on the principal's behalf." Theos & Sons, Inc. v. Mack Trucks, Inc., 431 Mass. 736, 745, 729 N.E.2d 1113, 1121 (2000) (citations omitted).

Given that the application of apparent authority requires a determination of reasonableness, this question of agency is usually a question for the fact finder, i.e., not appropriate for determination upon a motion for summary judgment. Id. at 742, 729 N.E.2d at 1119. This is especially true in the instant case. CSX has adduced evidence in the form of the Declaration of Len Whitehead, Jr. from which a fact finder could determine that he reasonably believed that Arillotta was authorized to enter the subject

transactions on behalf of Recovery Express and Interstate Demolition. Moreover, the affidavit of Nancy Marto submitted by Recovery Express would support a finding that the actions of Recovery Express in giving Arillotta an e-mail account, providing him office space, allowing him use of Recovery Express' telephone and fax numbers could reasonably lead one to believe that he was authorized to conduct business on behalf of the company. Similarly, the fact that he was an officer of Interstate Demolition and a partner with Ms. Marto in that company could lead one to believe he was authorized to conduct business on behalf of the company.

    Finally, Ms. Marto should be subject to cross examination. Her statement that an officer of a corporation has no authority to do anything on behalf of the corporation is inherently incredible.

IV.   CONCLUSION

For all of the foregoing reasons, Recovery Express has not met its burden with respect to its motion for summary judgment.  There exist genuine issues of material fact regarding Mr. Arillotta's apparent authority to act on behalf of Recovery Express and Interstate Demolition.  CSX must also be given the opportunity to test Ms. Marto's credibility before the fact finder.  Finally, Mr. Whitehead's declaration demonstrates CSX's reasonable belief that Mr. Arillotta had apparent authority.  Consequently, the motion for summary judgment should be denied.

> Respectfully submitted,
>
> CSX TRANSPORTATION, INC.,
> by its attorneys,
>
> JANSSEN & KEENAN P.C.
>
>  /s/ Jonathan F. Ball
> Jonathan F. Ball
>
> One Commerce Square
> 2005 Market Street, Suite 2050
> Philadelphia, PA  19103-7012
> (215) 599-7249 (Direct)
> (215) 665-8888 (Main)
> (215) 665-8887 (Fax)
> jball@janssenkeenan.com

December 15, 2005