UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, FL 32202-4423<br><br>                      Plaintiff,<br><br>v.<br><br>RECOVERY EXPRESS, INC., in its own right<br>and d/b/a INTERSTATE DEMOLITION AND<br>ENVIRONMENTAL CORP.<br>180 Canal Street, Fifth Floor<br>Boston, MA 02114<br><br>                      Defendant. | Civil Action No.: 1:04-cv-12293 (RWZ) |

**DECLARATION OF LEN WHITEHEAD, JR. IN OPPOSITION TO
RECOVERY EXPRESS' MOTION FOR SUMMARY JUDGMENT**

I am Len Whitehead, Jr., Manager of Investment Recovery for plaintiff CSX Transportation, Inc. As such, I have personal knowledge of the facts to which I herein attest.

    1. On August 22, 2003, I was contacted by e-mail by Albert Arillotta. His e-mail address was *albert@recoveryexpress.com*. In this e-mail, a copy of which is attached as Exhibit A to Recovery Express' Motion for Summary Judgment, Mr. Arillotta states that he is from both Interstate Demolition and Recovery Express. He states that "we are interested in buying rail cars for scrap" from CSX. I believed that the word "we" in his e-mail meant that he was contacting me on behalf of both Recovery Express and Interstate Demolition. He included in his e-mail as his contact information the mailing address of Recovery Express (180 Canal Street, 5th Floor, Boston, MA 02114), its

telephone and fax numbers (617-523-7740/617-367-3627), and his aforementioned e-mail address of *albert@recoveryexpress.com*.

2. In addition to contacting me by e-mail, Mr. Arillotta also spoke with me by telephone. On the telephone, Mr. Arillotta told me that he was acting on behalf of Recovery Express with respect to the purchase of rail cars for scrap.

3. At no time during my dealings with Albert Arillotta did he indicate that he was no longer authorized to transact business on behalf of Recovery Express. Accordingly, I believed throughout my dealings with him that he was acting on behalf of Recovery Express.

4. CSX delivered the rail cars ordered by Mr. Arillotta on behalf of Recovery Express and Interstate Demolition. Despite issuing bills in accordance with Mr. Arillotta's instructions, CSX did not receive payment for those rail cars. CSX brought this suit to recover the agreed upon price of the delivered rail cars.

5. During CSX's pre-suit efforts to collect the outstanding balance for the transactions arranged by Mr. Arillotta, CSX received a letter from Nancy Marto, on Interstate Demolition's letterhead, which indicates that Interstate Demolition's address, telephone and fax numbers are the same as those of Recovery Express. A copy of Ms. Marti's letter dated January 28, 2004 is attached as Exhibit A to CSX's Opposition to the Motion for Summary Judgment, and copy of Recovery Express' website is attached as Exhibit B to CSX's Opposition to the Motion for Summary Judgment.

6. At all times during my dealings with Mr. Arillotta, I believed he was representing, and authorized to act on behalf of, Recovery Express and Interstate Demolition. At no time prior to CSX's delivery of the rail cars ordered by Mr. Arillotta

on behalf of Recovery Express and Interstate Demolition did anyone inform me that Mr. Arillotta was not authorized to represent or transact business on behalf of either Recovery Express or Interstate Demolition.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14TH DAY OF DECEMBER 2005.

*Len Whitehead*
Len Whitehead, Jr.
12-14-05